The Honorable Ed Gilbert State Representative P.O. Box 633 Mountain Home, AR 72653
Dear Representative Gilbert:
This is in response to your request for an opinion concerning the formation of a countywide fire department in Baxter County. Your request is stated as follows:
 Interest has been expressed in Baxter County to dissolve all existing fire fighting entities (including city fire departments) and form one fire fighting entity for Baxter County to provide services to not only the unincorporated area but to the incorporated areas as well. My constituents envision one countywide fire department administered by one board of directors and providing workers' compensation coverage and retirement benefits for all of the fire fighters within the county. They want to establish a central communications system and a 911 system. I respectfully request that you provide me with your opinion as to whether this concept can be implemented under current State and federal law, and if so, how can it be accomplished.
While there appears to be authority, generally, for the establishment of a countywide fire department (see A.C.A.14-20-108(c)), we have found no authority for the county's dissolution of all existing fire fighting entities, including municipal fire departments. Indeed, such action may be contrary to the prohibition in A.C.A. 14-14-805(12) against county legislation that conflicts with the municipalities' exercise of express or implied powers.
A county may, however, enter into and enforce an agreement of intergovernmental cooperation, although it has no power to regulate another unit of local government in the absence of a specific delegation of such power. See A.C.A. 14-14-806.
The foregoing precepts suggest that the provision of fire fighting services within the county on a centralized basis may be accomplished through interlocal agreement(s). County interlocal agreements are authorized under A.C.A. 25-20-101 et seq. Interlocal Cooperation Act) for agreements between or among public agencies including, specifically, "fire departments organized under the laws of this state if the fire departments offer fire protection services to unincorporated areas and have received approval by their quorum courts for participation in an interlocal cooperation agreement." A.C.A. 25-20-103(1). See also A.C.A.14-14-910 (authorizing counties to contractor cooperate with public agencies or political subdivisions to perform any service or undertaking which any contracting party is authorized by law to perform.)
While it thus appears that an interlocal agreement might offer a mechanism for implementing the concept outlined in your correspondence, several practical difficulties do emerge. A single funding mechanism may not be possible, in light of the various methods of funding different fighting entities. For instance, suburban improvement districts (A.C.A. 14-92-201 et seq.) and fire protection districts (A.C.A. 14-284-101 et seq. and14-284-201 et seq.) are supported through the levy of assessed benefits. See A.C.A. 14-92-225 and 14-284-108. This office has previously concluded that the benefit assessment levied in a fire protection district is not in the nature of a tax millage that is levied notwithstanding the benefits accruing to the property. See Attorney General Opinion No. 88-023 (copy enclosed). A similar analysis would, in my opinion, apply with respect to suburban improvement district assessments. Thus, an across-the-board tax levy to support these entities would appear to be contrary to the statutory authority under which they were created.
With regard to workers' compensation coverage, it must be recognized that voluntary fire fighters of municipal fire departments are specifically excepted from the Code section requiring minimum compensation of volunteer fire fighters as county employees. A.C.A. 12-10-305 (Supp. 1989). Thus, countywide workers' compensation coverage for these persons as county employees could be problematic.
With regard, to an emergency communications system, A.C.A.12-10-305 provides for multiagency and multijurisdictional answering points or centers, through "written mutual aid agreement." There does appear, therefore, to be a mechanism for a central public safety communications center.
The foregoing compels the suggestion that private counsel, or counsel to whom the existing fire fighting entities ordinarily look for advice, be consulted in order to assess the feasibility of interlocal agreements and/or contracts as a means of implementing centralized fire fighting functions. While the creation of one single countywide fire department may not be possible, mechanisms for joint, cooperative action to exist. See, e.g., A.C.A. 14-92-210 and 14-284-122 (authorizing suburban improvement districts and fire protection districts, respectively, to join with cities, counties, or other districts for the provision of fire protection services.) The practical difficulties noted above should, however, be considered.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Attachment: AG Opinion No. 88-023